**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| OLIVE F. GATLING, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-11-2879 |
| | § | |
| CITIMORTGAGE, INC. and | § | |
| FEDERAL NATIONAL | § | |
| MORTGAGE ASSOCIATION, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Olive Gatling, filed this suit after her mortgage lender, CitiMortgage, Inc,

conducted a nonjudicial foreclosure on her home.  The Federal National Mortgage Association

("Fannie Mae") bought the home at the foreclosure sale.  Gatling sued both CitiMortgage and Fannie

Mae in Texas state court, alleging that CitiMotgage lacked authority to foreclose.   After the

defendants' timely removal, (Docket Entry No. 1), this court granted the defendants' motion to

dismiss Gatling's amended complaint, without prejudice and with leave to amend certain claims,

which Gatling did.  (Docket Entries No. 25, 28).  The defendants then moved for summary judgment

on all of Gatling's claims.  (Docket Entry No. 32).  This court granted the defendants' motion in part

and denied it in part.  Specifically, this court:

    1.    granted summary judgment as to Gatling's cause of action against Fannie Mae under

        the Texas Deceptive Trade Practices Act ("DTPA");

2.      granted summary judgment as to Gatling's causes of action against CitiMortgage for wrongful foreclosure and for violations of the federal Fair Debt Collection Practices Act ("FDCPA") and the DTPA;

3.      denied summary judgment on Gatling's causes of action against CitiMortgage under the Texas Debt Collection Act ("TDCA"); and

4.      granted summary judgment as to Gatling's claim for exemplary damages and attorney's fees, to the extent that she sought fees for her work as a *pro se* litigant.

(Docket Entry No. 41, at 2). This court also found that Gatling had stated a colorable breach of contract claim based on CitiMortgage's failure to provide the notices required under the Deed of Trust and Texas law. (*Id.*)

The court gave Gatling leave to file a third amended complaint against CitiMortgage asserting: (1) causes of action under the TDCA based on CitiMortgage's alleged failure to provide notices of default and intent to accelerate (as alleged in the second amended complaint); and (2) a cause of action for breach of contract based on CitiMortgage's failure to provide the notice required under §§ 15 and 22 of the Deed of Trust. (*Id.*) The court also allowed CitiMortgage to move for summary judgment on the breach of contract claim, as long as the motion was not based on the theory that CitiMortgage was not required to provide new notices of default and intent to accelerate after Gatling received the approved and executed loan-modification agreement. (*Id.* at 2–3). Finally, this court ordered Gatling to continue depositing $400.00 into the court's registry by the

2

first day of each month during the pendency of this lawsuit, (*id.* at 3), which she has done.

Gatling filed her third amended complaint. (Docket Entry No. 42). CitiMortgage answered and counterclaimed for a deficiency judgment, based on the difference between what Gatling owed CitiMortgage and the proceeds of the foreclosure sale. (Docket Entry No. 43). CitiMortgage also moved for partial summary judgment on Gatling's breach of contract claim. (Docket Entry No. 44). Gatling responded, (Docket Entry No. 47), and CitiMortgage replied, (Docket Entry No. 49).[1]

Based on the pleadings, motions and briefing, the summary judgment evidence, and the relevant law, this court denies CitiMortgage's motion for partial summary judgment. The reasons for this ruling are explained below.

## I.      Background

### A.      Facts and Procedural History

Many of the relevant facts are undisputed. On June 4, 2007, Gatling borrowed $132,000 from CitiMortgage to purchase property located at 9427 Tooley Drive in Houston, Texas. Gatling executed a Deed of Trust dated June 4, 2007, which granted a security interest in the property. (Docket Entry No. 44, Ex. A.1, Deed of Trust dated June 4, 2007). Gatling also executed a Note

---

[1] Gatling also moved to dismiss CitiMortgage's counterclaim on the ground that this court lacked jurisdiction. (Docket Entry No. 46). CitiMortgage responded to this motion, (Docket Entry No. 48), and Gatling replied, (Docket Entry No. 50). Gatling argues that the counterclaim does not satisfy the amount-in-controversy requirement for diversity jurisdiction. (Docket Entry No. 46, at 1–2). The amount in controversy, established at the time of removal, satisfied the jurisdictional requirement. *See White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003). This court also has supplemental jurisdiction over the counterclaim. *See* 28 U.S.C. § 1367. Gatling's motion to dismiss is denied.

dated June 4, 2007, requiring her to make monthly principal and interest payments on the first of

each month beginning in August 2007.  (Docket Entry No. 44, Ex. A.2, Note dated June 4, 2007).

CitiMortgage began servicing the mortgage on June 4, 2007.  (Docket Entry No. 44, Ex. A, Aff. of

Britt Zehnle, CitiMortgage Business Operations Analyst, ¶ 10).

       Gatling became delinquent in making her mortgage payments around the middle of 2009.

(Docket Entry No. 28, ¶ 9).  CitiMortgage and Gatling entered into a Home Affordable Modification

Agreement dated January 1, 2011 (the "Modified Agreement").  (Docket Entry No. 44, Ex. A.3,

Modified Agreement dated January 1, 2011).  Under the Modified Agreement, Gatling agreed to

make reduced monthly mortgage payments.  (*Id.*)  Gatling made her February 2011 payment but not

her March or April 2011 payments.  (Docket Entry No. 28, ¶¶ 14–15).  CitiMortgage sent Gatling

a notice of default and notice of intention to accelerate on April 5, 2011 by certified mail, return

receipt requested.  (Docket Entry No. 44, Ex. A, ¶ 6; Ex. A.4, Notice of Default and Notice of

Intention to Accelerate dated April 5, 2011).  The letter provided Gatling an opportunity to cure her

default by mailing a $1,554.25 payment to CitiMortgage by May 5, 2011.  (Docket Entry No. 44,

Ex. A.4).  Gatling did not make the payment.  (Docket Entry No. 44, Ex. A, ¶ 11; Ex. A.6,

CitiMortagage Payment History).  Gatling also failed to make her May 2011 mortgage payment.

(Docket Entry No. 44, Ex. A.6).  As a result, CitiMortgage sent Gatling a letter dated May 10, 2011,

explaining that she was in default on her mortgage, that she had failed to cure the default, and that

her mortgage was being referred to foreclosure counsel.  (Docket Entry No. 44, Ex. A.5, Letter from

4

CitiMortgage to Gatling dated May 10, 2011).

On May 16, 2011, counsel sent Gatling, by both first class and certified mail, return receipt requested, a notice of acceleration and notice of substitute trustee's sale. (Docket Entry No. 44, Ex. B, Aff. of Carolyn Taylor, Partner, Hughes, Watters & Askanase, ¶ 3; Ex. B.1, Notice of Acceleration and Notice of Substitute Trustee's Sale dated May 16, 2011). On May 23, 2011, Gatling contacted CitiMortgage. CitiMortgage gave her a reinstatement quote of $4,278.49 that was good through June 7, 2011. (Docket Entry No. 44, Ex. A, ¶ 13; Ex. A.1, ¶ 19; Ex. A.2, § 6(E)). Gatling did not pay. (Docket Entry No. 44, Ex. A, ¶ 14; Ex. A.6). On June 7, 2011, counsel conducted the foreclosure sale. Fannie Mae purchased the home for $118, 675.62. (Docket Entry No. 44, Ex. A, ¶ 15). Gatling owed CitiMortgage $149,467.10 at that time. (Docket Entry No. 44, Ex. B.1).

This court's last summary-judgment opinion explained that a genuine fact dispute precluded summary judgment for CitiMortgage on Gatling's TDCA claims and entitled Gatling to pursue a claim against CitiMortgage for breaching the Deed of Trust. While Gatling had been served with a notice of default and intent to accelerate before the Modified Agreement was approved and sent to her, the Texas Property Code required CitiMortgage to send new notices of default and intent to accelerate to foreclose after the Modified Agreement was in place. (Docket Entry No. 41, at 18). Because strict notice requirements apply under the Texas Property Code's requirements for nonjudicial foreclosure, there was a dispute as to whether CitiMortgage, in sending the notices of

acceleration and foreclosure sale and in holding the foreclosure sale, took an action prohibited by law in violation of § 392.301(a)(8) of the TDCA.  (*Id.* at 20–21).  In addition, because the May 16 notice of acceleration and foreclosure sale may have misrepresented the amount of Gatling's debt, there was a dispute as to whether CitiMortgage violated § 392.304(a)(8) of the TDCA.  (*Id.* at 22).  This court denied summary judgment on Gatling's TDCA claims.  (*Id.* at 23).

This court had previously dismissed Gatling's breach of contract claim, with prejudice and without leave to amend.  (Docket Entry No. 25, at 22).  But Gatling's amended pleadings and the parties' motions and briefs raised the question whether CitiMortgage may have violated §§ 15 and 22 of the Deed of Trust, which required that all statutory notices be given before the debt was accelerated and the foreclosure sale was held.  (Docket Entry No. 41, at 26).  CitiMortgage has now moved for summary judgment on this claim.

### B.    The Present Motion

Gatling filed her third amended complaint on September 17, 2012, alleging claims for TDCA violations and for breach of contract.[2]  She alleged that she had attempted to perform under the

---

[2]  Despite this court's instructions, Gatling also purported to reassert claims under the Texas Deceptive Trade Practices Act ("DTPA"), (Docket Entry No. 42, ¶¶ 16–18),  which this court previously dismissed, (Docket Entry No. 41, at 23–25).  Gatling alleged that her TDCA claim also gave rise to a DTPA claim and that this court erred by finding that Gatling was not a consumer as required to bring a DTPA claim. (Docket Entry No. 42, ¶¶ 16(iv), 17).  Gatling requested "review and reversal of summary judgment on Plaintiff's DTPA claim."  (*Id.*, ¶ 17).  This court previously considered and rejected Gatling's argument that she had consumer standing to bring a DTPA claim.  (*See* Docket Entry No. 41, at 24–25 ("Gatling's DTPA claim attempts to vindicate a 'wholly intangible property right': the homeowner's right to receive all notices required by the Texas Property Code prior to foreclosure.  The DTPA does not apply to such a

Modified Agreement, but that her attempts were refused.  She alleged that CitiMortgage breached the Deed of Trust by failing to serve the notice of default and intent to accelerate and by seeking remedies not authorized until after proper notices were sent and the time to cure had expired.  She also alleged that CitiMortgage prevented or excused her performance by denying her the right to cure any alleged default before acceleration and foreclosure and by restricting or barring payment through CitiMortgage's online-payment system.  Gatling alleged damages and sought relief, as follows:

> Plaintiff suffered loss of Property ownership as a result of the foreclosure and is seeking injunctive relief until a trial on the merits can be heard; additionally, Plaintiff is seeking damages in an amount to be proved at a later time based on the willful actions of CitiMortgage in denial of Plaintiff's rights; in calculating damages, Plaintiff argues that the Modified Agreement executed between both parties is an executory contract with bargained-for promised performance; the Modified Agreement represents substantial savings to the Plaintiff in interest rate reductions and gains in the form of borrower incentives that cannot be duplicated outside of this uniquely bargained arrangement; in consideration thereof, damages must include the

---

claim. . . . Gatling is not a 'consumer' for purposes of the DTPA." (citation omitted))).  To the extent that Gatling moves for relief from this court's grant of summary judgment for CitiMortgage on her DTPA claim, *see* Fed. R. Civ. P. 59(e), 60(b), her motion is denied.  This claim remains dismissed with prejudice.

Gatling also "object[ed]" to this court's ruling that she was not entitled to seek exemplary damages. Gatling alleged that "CitiMortgage's willful and deliberate actions in violation of TDCA, Tex. Bus. & Com. Code § 27.01, Texas Uniform Commercial Code § 9, and DTPA directly led to premature non-judicial foreclosure on June 7, 2011." (Docket Entry No. 42, ¶ 18).  Gatling purports to allege that the notice failures were willful or fraudulent.  To the extent Gatling moves for relief from this court's previous order, it is denied.  As this court previously explained, Gatling neither identified nor presented evidence creating a disputed factual issue that CitiMortgage's failure to provide new notices of default and intent to accelerate after mailing her signed Modified Agreement was the product of fraud, malice, or gross negligence. Because the disputed fact issues are limited to whether, as a result of negligence, CitiMortgage failed to give the proper notices, Gatling is limited to actual damages.  (Docket Entry No. 41, at 25–26).

promised performance under the contract; because the Defendant willfully committed wrongs in accelerating and foreclosing on Plaintiff's Property, this unique value cannot be recovered in equity by simply rescinding the sale and must be recovered through a calculated damages model.

. . . .

For the Cause of Action relating to breach of contract which directly caused damages to Plaintiff, Plaintiff is hereby requesting compensatory and/or consequential damages in the amount of calculated borrower incentives unrealized on the Modified Agreement and the value of the promised performance on the Agreement; incidental and/or special damages, including Plaintiff's loss of wages and time spent in litigation; removal of the loan from Plaintiff's credit reports or "paid in full" status; and actual damages in the amount of any indebtedness owed to CitiMortgage represented by the difference between the mortgage payoff and the Property value at the time of the foreclosure sale . . . .

(Docket Entry No. 42, ¶ 13).

CitiMortgage moved for partial summary judgment on the breach of contract claim. (Docket Entry No. 44). It argued that Gatling's claim failed as a matter of law because she alleged no damages from the failure to provide the required notice. (*Id.* at 7–8). It also argued that even if Gatling had alleged damages, her own breach of the Modified Agreement precluded her from recovering under a breach of contract theory. (*Id.* at 8–10).

In response, Gatling arguing that she "clearly suffered damage from Defendant's denial of her rights and unauthorized exercise of rights they had not yet acquired" by foreclosing without sending the required notices. (Docket Entry No. 47, at 6). She reiterated that although she continued to live in the home, because she "lost her home in a premature acceleration resulting in

8

foreclosure sale, suffered loss of credit standing, and was stripped of title to her home, it would be correct to conclude that . . . [she] has suffered injury and is entitled to damages." (*Id.* at 7). Gatling also argued that she was damaged to the extent she lost the benefit of the Modified Agreement, notwithstanding her own admitted failures to pay the amounts due under that Agreement. (*Id.*) As to CitiMortgage's argument that her own breach prevented her from asserting a breach of contract claim, she argued that CitiMortgage had not shown that her breach was material. She also argued that despite her default, she could pursue a breach of contract claim against the lender because she was denied notice and an opportunity to cure. Similarly, she argued that even if her breach had been material, CitiMortgage exceeded its contractual rights by foreclosing before it had a right to do so. (*Id.* at 8–9). Finally, she argued that CitiMortgage was not entitled to summary judgment because she had "continuously alleged that she not only had the funds available to perform, but actually moved to perform under the contract by attempting to access the CitiMortgage payment system three separate times in order to enter payment, only to find her account disabled. Additionally [she] contacted Defendant CitiMortgage directly, prior to receipt of the notice of acceleration and foreclosure sale, and numerous times thereafter, in order to resolve the issue of payment only to have her efforts frustrated." (*Id.* at 9). Gatling argued that CitiMortgage's conduct excused her own failures to perform. (*Id.*)

The arguments and responses are analyzed below.

## II.    The Summary-Judgment Legal Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.  While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted).  "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings.  The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's

10

claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

## III.    Analysis

"The elements necessary to sustain a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Reynolds v. Bank of America, N.A.*, 2013 WL 796730, at *3 (N.D. Tex. Mar. 5, 2013 (citing *Southwell v. Univ. of Incarnate Word*, 974 S.W.2d 351, 354–55 (Tex. App.—San Antonio 1998, pet. denied)). CitiMortgage argues first that Gatling's breach of contract claim fails because she cannot show actual damages caused by CitiMortgage's alleged breach. (Docket Entry No. 44, at 7). CitiMortgage argues that Gatling could not have been damaged by its failure to provide the required notice under the Deed of Trust, as modified by the Modified Agreement, because Gatling knew she was in default. (*Id.*) CitiMortgage refers to its May 10, 2011 letter informing Gatling of her default and right to cure, and to Gatling's receipt on May 16, 2011 of the notice of acceleration and foreclosure sale. (*Id.* at 8). According to CitiMortgage, "Gatling suffered no harm from any alleged failure to provide notice because she had actual notice of her default and failed to cure." (*Id.*)

11

This argument is essentially a reframed version of CitiMortgage's position before this court in the last round of summary-judgment argument.  CitiMortgage's argument is that its failure to provide Gatling notice under the Modified Agreement was harmless because it provided Gatling notice under the original Note, and Gatling would not or could not act on that notice.  This is the same argument, slightly refocused, that CitiMortgage was not required to provide new notice under the Modified Agreement because it had provided notice under the original Note.  (*See* Docket Entry No. 41, at 27).  CitiMortgage is not entitled to summary judgment on this basis.

CitiMortgage also argues that Gatling cannot prove damages because she has no equity in the house, owes a deficiency, and has continued to live there notwithstanding the foreclosure and sale.  (Docket Entry No. 44, at 8).  CitiMortage argues that continuous possession and occupancy of the residence preclude damages.  (*Id.* at 7 (citing *Peoples v. BAC Home Loan Servicing, LP,* 2011 WL 1107211, at *4 (N.D. Tex. Mar. 25, 2011))).  In *Peoples*, the plaintiff continued to possess and occupy a home that had not been foreclosed on.  *See* 2011 WL 1107211, at *4 ("[P]laintiff testified that no foreclosure has occurred, she has remained in continuous possession and occupation of the residence, and title remains in her name.").  This case is different.  Gatling's home was sold at foreclosure.  She lost title.  She alleged the loss of title and of the right of possession as damages and sought, among other things, to rescind the foreclosure sale.  CitiMortgage is not entitled to summary judgment on the ground that Gatling cannot show damages.

CitiMortgage argues next that Gatling's breach of contract claim fails as a matter of law

because she materially breached the Modified Agreement.  (Docket Entry No. 44, at 8).  To prevail on a breach of contract claim under Texas law, a plaintiff must, among other things, show that she adequately performed or tendered performance of her contract obligations.  *See, e.g.*, *Reynolds*, 2013 WL 796730, at \*3.  "A party who fails to perform [her] obligation may not thereafter enforce the remaining terms of the contract against the other party."  *Interceramic, Inc. v. S. Orient R.R. Co.*, 999 S.W.2d 920, 924 (Tex. App.—Texarkana 1999, pet. denied).  CitiMortgage argues that by "failing to timely make her monthly payments, Gatling materially breached the Modification Agreement.  Since Gatling materially breached the Modification Agreement, the Note, and the Deed of Trust, under Texas law, she is not entitled to recover damages for *any* alleged subsequent breach by CMI."  (Docket Entry No. 44, at 10).

CitiMortgage's argument is unpersuasive.  The notices at issue presuppose that the recipient is in breach of her contractual obligations.  Failure to provide the required notice is nonetheless actionable.  *See, e.g.*, *Franklin v. BAC Home Loans Servicing, L.P.*, 2011 WL 248445, at \*3 (N.D. Tex. Jan. 26, 2011) ("It is illogical for the Court to conclude that Plaintiff cannot enforce BAC's obligations, assumed to be contractual, which arise after Plaintiff's default merely because Plaintiff is in default."); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 140 (Tex. App.—Corpus Christi 2008, no pet.) (holding that the plaintiffs' breach of contract claim survived summary judgment when default letters failed to comply with the notice obligations in the deed of trust).  Because CitiMortgage is not entitled to summary judgment based on Gatling's failure to pay, it is not

13

necessary to consider Gatling's argument that CitiMortgage waived or excused her breach by frustrating her alleged attempts to perform.  (*See* Docket Entry No. 47, at 9).

CitiMortgage is not entitled to summary judgment on Gatling's breach of contract claim.

## IV.    Conclusion

CitiMortgage's motion for partial summary judgment, (Docket Entry No. 44), is denied. Gatling's motion to dismiss, (Docket Entry No. 46), is denied.  A status conference is set for **April 23, 2013 at 8:30 a.m.** in Courtroom 11-B.

SIGNED on April 15, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge